IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| Scott Foster | ) | |
|     Plaintiff, | ) | Case No.: 16 CV 775 |
| v. | ) | VERIFIED COMPLAINT WITH INJUNCTIVE RELIEF REQUESTED |
| Citibank, N.A., and DOES 1-10 | ) | |
|     Defendants. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Scott Foster ("Foster"), pro se, brings this action against Defendant Citibank N.A. (hereinafter "Citibank") to end Citibank's transmitting of unauthorized, unwanted and unsolicited SMS text messages to Foster's cellular telephone, and for violations of the Telephone Consumer Protection Act at 47 U.S.C. § 227, et seq (hereinafter the "TCPA").

On information and belief, Citibank uses one or more third-party agents to transmit SMS text messages on Citibank's behalf. Thus, Foster anticipates the addition of one or more defendants in this matter, the identities of which are currently unknown to Foster.

As soon as the identities of said DOE defendants are known to Foster, he intends to and does pray the court allow him to amend this Complaint to add said defendants to the matter.

## INTRODUCTION

1. Foster brings this action for damages resulting from the illegal actions of Citibank. Citibank sent unauthorized and unwanted SMS text messages to Foster's cellular telephone in violation of the TCPA.

2. Foster alleges that Citibank negligently, knowingly and/or willfully violated the TCPA.

3. In addition to recovering damages resulting from Citibank's illegal actions, Foster seeks an injunction requiring Citibank to cease sending Foster text messages.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 28 U.S.C. 1331.

5. Because Citibank conducts business in the State of North Carolina, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

7. Foster is a natural person who resides in Chapel Hill, Orange County, North Carolina.

8. Citibank is a National Bank that conducts business in North Carolina, with its headquarters located at 701 East 60th Street North Sioux Falls, SD 57104.

9. DOES 1-10 are, upon information and belief, corporate agents Citibank uses to send text messages.

10. Citibank may be served with process at its registered agent, CT Corporation System, 150 Fayetteville St., Box 1011, Raleigh, NC 27601.

11. At all relevant times, Citibank acted through and with consent of its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTS

12. Foster has no open or outstanding account with Citibank, or with any affiliate of Citibank.

13. Foster owes Citibank no money.

14. Foster knows of no reason why Citibank should send him text messages.

15. Foster has not requested Citibank sent him text messages.

16. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone alerts the recipient that he or she is receiving a message.

17. Unauthorized SMS messages invade the recipient's privacy, waste the recipient's time, and require the recipient to take action to attempt to stop the messages.

18. Citibank uses "SMS" number 692484 to transmit and receive SMS messages via the cellular network. **(Exhibit A)**

19. Foster is the sole subscriber for cellular phone # XXX-XXX-7154 (hereinafter "Foster's Cell Phone").

20. Beginning in or about May 25, 2016, Citibank and/or its agents caused the transmission of SMS messages to Foster's Cell Phone.

21. The SMS messages sent by Citibank related to the balance on a Citibank account.

22. Citibank sent at least twenty-eight SMS messages to Foster's Cell Phone. A log of the SMS messages is attached to this Complaint as **Exhibit B**.
23. The exact number of SMS messages sent to Foster by Citibank cannot be determined at this time because Citibank has not ceased sending said SMS messages to Foster, nor has Citibank indicated to Foster when the SMS messages will stop being sent.
24. On May 31, 2016, Foster sent Citibank a SMS message at 692484, indicating that Foster did not want to receive said messages.
25. None of the SMS messages sent by Citibank were for emergency purposes.
26. Citibank responded to Foster's request with another SMS message.
27. Foster then repeatedly called Citibank customer service and asked that the SMS messages stop.
28. During a conversation with a Citibank employee named "Steve", Foster was told that Citibank had located the reason for the SMS messages being sent to him. Steve then involved his supervisor in the matter.
29. Steve then told Foster that the SMS messages should not be sent to Foster's Cell Phone, and that the messages would stop.
30. Foster continued to receive the SMS messages from Citibank.
31. On or about June, 6, 2016, Foster sent an email to Citibank's Executive Response Unit (hereinafter "Citibank ERU"), asking that the SMS messages stop.
32. On or about June 14, 2016, Foster received a phone call from "Joel" at the Citibank ERU.

33. Joel apologized for the unsolicited SMS messages from Citibank, and promised the messages would stop. Joel promised to follow up with Foster to ensure the messages had stopped.

34. The SMS messages from Citibank continued.

35. Foster called Joel at the Citibank ERU unit and left a message concerning the continued receipt of the SMS messages.

36. Joel did not return Foster's call, or respond to repeated email messages.

37. On or about June 21, Foster filed a complaint with the Federal Consumer Finance Protection Bureau, which has the authority to investigate and regulate Citibank.

38. Foster's CFPB complaint was forwarded to Citibank.

39. Foster continued to receive unwanted SMS messages from Citibank.

40. Foster was then contacted by "Santiago" from Citibank's ERU. Santiago repeatedly apologized for the unwanted SMS messages, indicated that Foster should not receive the unwanted messages, and promised he would not stop working on the matter until the messages stopped.

41. The SMS messages from Citibank continued.

42. Foster did not hear from Santiago again.

43. Foster then contacted the CEO of CitiCards, Mr. Jud Linville, and two attorneys with Citibank's legal department: Ms. Shelley Dropkin and Mr. Rohan Weerasinghe, both General Counsel for Citibank.

44. Foster asked Linville, Dropkin and Weerasinghe to take action to ensure the unwanted SMS messages stopped being sent to him.

45. Foster was then contacted by North Carolina attorney Chris Burke (hereinafter "Burke").

46. Burke requested that Foster provide information so Citibank could research the matter. Foster complied with that request. <u>This was at least the fifth request from Citibank to provide the exact same information.</u>

47. The unwanted SMS messages continued to be sent to Foster's Cell Phone.

48. Foster repeatedly urged Burke to inform him when he could expect the messages to stop.

49. Citibank has given Foster no reason to believe the SMS messages will stop.

50. On or about June 24, 2016, Foster purchased new cellular service with a new cell number.

## COUNT I

### Violations of the Telephone Consumer Protection Act at 47 U.S.C. § 227, et seq.

51. Foster repeats and re-alleges the above paragraphs of this complaint and incorporates them herein by reference.

52. Citibank sent multiple automated SMS messages to Foster's Cell Phone, and did so without his prior express written consent.

53. Each of the aforementioned SMS messages sent by Citibank constitutes a violation of the TCPA.

54. Foster is entitled to an award of $500.00 in statutory damages for each SMS message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

55. Foster has suffered actual damages as a direct result of Citbank's violations of the TCPA, and seeks recovery of those actual damages.

56. Additionally, Foster is entitled to, and does seek injunctive relief prohibiting such conduct by Citibank in the future.

57. Foster is also entitled to and does seek a declaration that Citibank violated the TCPA by sending Foster unwanted and unsolicited SMS messages.

## COUNT II
## Knowing and/or Willful Violations of The Telephone Consumer Protection Act at 47 U.S.C. § 227, et seq.

58. Foster repeats and re-alleges the above paragraphs of this complaint and incorporates them herein by reference.

59. Citibank knowingly and/or willfully sent multiple SMS messages to Foster's Cell Phone without his prior express written consent, and continued to send said messages despite Foster's clear and repeated requests that the messages stop.

60. Each of the aforementioned SMS messages sent by Citibank constitute a knowing and/or willful violation of the TCPA, and Foster is entitled to an award of treble damages up to $1,500.00 for each SMS message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

61. Additionally, Foster is entitled to and does seek injunctive relief prohibiting such conduct by Citibank in the future.

62. Foster has suffered actual damages as a direct result of Citbank's willful violations of the TCPA, and seeks recovery of those actual damages.

63. Foster is also entitled to and does seek a declaration that Citibank willfully violated the TCPA by sending Foster unwanted and unsolicited SMS messages.

### PRAYER FOR RELIEF

WHEREFORE, Foster prays that the Court grant him the following relief against Citibank as follows:

a. Declaratory relief as requested;

b. injunctive relief prohibiting such violations of the TCPA by Citibank in the future;

c. statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

d. treble damages of up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

e. recovery of actual damages pursuant to 47 U.S.C. § 227(b)(3)(B); and

f. such other relief as the Court deems just and proper.

Respectfully submitted this 27th day of June, 2016,

Scott Foster
pro se
9500 Sertoma Road
Chapel Hill, NC 27516
saf27516@gmail.com
919-240-8392

## VERIFICATION OF COMPLAINT

I, Scott Foster, under oath, hereby swear to the following:

1. I am the Plaintiff in the above titled action.

2. I drafted this Complaint.

3. To the best of my knowledge, all statements made herein are true and accurate and based on my personal knowledge, except that statements made upon information and belief are based on information and/or documents believed by me to be true and accurate.

_____
Scott Foster

NOTARY SEAL

State North Carolina
County Orange



I, William A Soeters, a Notary Public for said County and State, do Hereby certify that Scott Foster personally appeared Before me this day and acknowledged the due execution of the foregoing instrument. Witness my hand and official seal, this 27 day of June, 2016

_____
Notary Public

My commission expires 08 12 2018

Page 9 of 9